# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY ALLEN SLOVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-14-451-R |
| CARL BEAR,[1] | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Johnny Allen Slover, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the undersigned has examined the Petition and recommends dismissal.

## BACKGROUND

In this action, Petitioner challenges his conviction upon guilty plea on March 1, 1984, for first-degree murder in the District Court of Garvin County, Oklahoma, for

---

[1] Because Petitioner is currently incarcerated at the Joseph Harp Correctional Center ("JHCC"), JHCC Warden Carl Bear is hereby substituted as the sole Respondent in this habeas proceeding. *See* Section 2254 R. 2(a), 12; Fed. R. Civ. P. 25(d), 81(a)(4); *Joseph Harp Correctional Center*, Okla. Dep't of Corr., http://www.ok.gov/doc/Organization/Field_Operations/East_Institutions/Joseph_Harp_Correctional_Center.html (last visited May 29, 2015).

which he was sentenced to life in prison. Pet. (Doc. No. 1) at 1;[2] *State v. Slover*, No. CRF-1982-546 (Garvin Cnty. Dist. Ct. filed Oct. 21, 1982).[3] As reflected by the state-court dockets, Petitioner twice sought and was denied postconviction relief in the state district court; these denials both were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA"). *See Slover v. State*, No. PC-1988-870 (Okla. Crim. App. filed Oct. 17, 1988);[4] *Slover v. State*, No. HC-1999-683 (Okla. Crim. App. filed May 20, 1999).[5]

As discussed in a Report and Recommendation by former Magistrate Judge Robert E. Bacharach, Petitioner in two previous habeas actions (of which the undersigned takes judicial notice) sought and was denied relief from his 1984 state-court conviction. *See Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla. filed July 17, 2000); *Slover v. Saffle*, No. CIV-89-803-P (W.D. Okla.); *Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla. Sept. 25, 2000) (report and recommendation of Magistrate Judge Robert E. Bacharach) ("J. Bacharach R&R") at 1, 2-5. In his 2000 Petition, Petitioner raised three claims for relief. *See* J. Bacharach R&R at 1-2; Pet. at 3. Based upon the recommendation of Magistrate Judge Bacharach, the Court dismissed one of Petitioner's claims as having

---

[2] Citations to filings in this Court use the page numbers assigned by the Court's electronic filing system.

[3] A partial docket for Case No. CRF-1982-546 is publicly available at http://www1.odcr.com/detail?court=025-&casekey=025-CRF+8200546.

[4] The docket in Case No. PC-1988-870 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-1988-870.

[5] The docket in Case No. HC-1999-683 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=HC-1999-683.

previously been denied in the 1989 habeas action. The remaining two claims were transferred to the Tenth Circuit Court of Appeals to permit Petitioner to seek authorization to pursue a second petition for a writ of habeas corpus. *See* J. Bacharach R&R at 6-10; *Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla.) (docket entry of Oct. 31, 2000); 28 U.S.C. § 2244(b). The Tenth Circuit denied authorization for Petitioner to file a second § 2254 petition. *See* Pet. at 3, 7, 8; *Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla.) (docket entry of Jan. 19, 2001); *Slover v. Gibson*, No. 00-6389 (10th Cir. filed Nov. 14, 2000);[6] 28 U.S.C. § 2244(b)(3).

Petitioner in the instant Petition raises two grounds for relief. First, Petitioner asserts that he was denied effective assistance of counsel because his trial counsel shared a law practice and letterhead with an individual who was then the district attorney for Garvin County. Pet. at 5-6, 13. Second, Petitioner claims that he "was misled as to how long [he would] have to serve on a life sent[e]nce" because he did not know that he would not be eligible for parole for 15 years. Pet. at 6-7.

## ANALYSIS

*A. Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where subject-matter

---

[6] The docket in Case No. 00-6389 is publicly available through https://www.ca10.uscourts.gov/pacer.

jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

B. *Second or Successive Petition Under Section 2254*

Section 2244(b) of Title 28 of the United States Code limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see* 28 U.S.C. § 2244(b)(2), (b)(3)(A).

C. *Petitioner's Claim of Ineffective Assistance of Counsel*

4

As outlined above, Petitioner already has filed two § 2254 habeas petitions in this Court. The first was denied on the merits; the second was dismissed in part and transferred to the Tenth Circuit in part, where Petitioner was denied authorization to bring a second or successive § 2254 petition. *See* J. Bacharach R&R at 1-5; *Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla.); *Slover v. Gibson*, No. 00-6389 (10th Cir.). In both his 1989 and 2000 federal habeas petitions, Petitioner asserted ineffective assistance of trial counsel on various grounds. J. Bacharach R&R at 2, 4. The current Petition alleges, however, that Petitioner has not previously raised this iteration of his ineffective-assistance claim, which is based upon his counsel's purported conflict of interest as demonstrated by counsel's sharing a law practice and letterhead with the Garvin County district attorney. *See* Pet. at 6. Liberally construed, Petitioner contends that he has not previously raised this claim because, at the time he filed his second attempt at postconviction relief in 1999, he did not have access to his grandfather's bank records (which presumably included the relevant documents), which allegedly establish the factual basis of the new claim. Pet. at 5, 6. Magistrate Judge Bacharach's detailed descriptions of Petitioner's previous habeas petitions likewise reflect that Petitioner has not raised this conflict-of-interest ineffective-assistance claim in either of his two previous § 2254 actions. *See* J. Bacharach R&R at 2, 4.

Assuming without deciding that Petitioner's ineffective-assistance claim "was not presented in a prior application" under § 2254, Petitioner has neither alleged nor demonstrated that he sought or received the authorization from the Tenth Circuit Court of Appeals necessary for this Court's consideration of the instant Petition, which challenges

5

the conviction entered in Case No. CRF-1982-546 in the District Court of Garvin County. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(A). Because this claim of Petitioner's third, successive habeas Petition "challeng[es] the same conviction" as Petitioner's prior habeas actions, this Court lacks jurisdiction to consider it. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Cline*, 531 F.3d at 1251.[7]

"When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. "Where there is no risk that a meritorious successive claim will be lost" absent a transfer, the district court properly may exercise its discretion to dismiss the petition. *Id.* In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b) to obtain authorization to proceed with a successive habeas petition. By statute, an application to proceed with a second or successive habeas petition

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; *and* . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for

---

[7] Alternatively, if this ineffective-assistance claim was previously raised in one or both of Petitioner's prior habeas actions, the claim "shall be dismissed" pursuant to 28 U.S.C. § 2244(b)(1). *See infra* Part D.

6

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B) (emphasis added).

Petitioner's ineffective-assistance claim does not rely on a new rule of constitutional law; rather Petitioner argues that he did not previously have access to the evidence showing his trial counsel's alleged conflict of interest. Pet. at 5-6, 13. Even assuming that this factual predicate "could not have been discovered previously through the exercise of due diligence," the Petition fails to present underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses, as would be required for the Tenth Circuit to authorize a successive petition under § 2244(b)(2). Namely, Petitioner's argument that his trial counsel had a conflict of interest and that such a conflict is shown by his newly asserted "facts underlying the claim" does not even speak to the relevant criminal offense and does not reasonably establish that, absent such a conflict of interest, "no reasonable factfinder would have found" Petitioner guilty of first-degree murder. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *Case v. Hatch*, 731 F.3d 1015, 1034 (10th Cir. 2013) ("[W]e interpret [28 U.S.C. § 2244(b)(2)(B)(ii)'s] 'but for' requirement . . . as mandating that an applicant link his exculpatory evidence to a specific constitutional error that prevented the jury from adequately considering the evidence." (alteration and internal quotation marks omitted)).

Moreover, "the interest of justice" does not support transfer of this claim to the Tenth Circuit because the one-year limitations period prescribed by 28 U.S.C. § 2244(d)

for filing such habeas actions, adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), expired for Petitioner many years ago. Because Petitioner's 1984 criminal conviction became final before AEDPA took effect, "the one year limitation period for a federal habeas petition start[ed] on AEDPA's effective date, April 24, 1996." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001); *see* 28 U.S.C. § 2244(d)(1)(A). For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling under § 2244(d)(2), however, because his applications for state postconviction relief were filed and decided (i) prior to AEDPA's enactment; and (ii) more than one year after AEDPA's enactment, respectively. *See supra*; *Fisher*, 262 F.3d at 1142-143 ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Although the AEDPA filing deadline may be equitably tolled in "extraordinary circumstances," the Petition reflects no such extraordinary circumstances here. *Clark*, 468 F.3d at 714 (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner has the burden to "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Circumstances appropriate for equitable tolling include "when an adversary's conduct— or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner alleges only that the documents supporting his ineffective-assistance claim were "unavailable" because Petitioner "[d]id not know his [grandfather's] SSN etc[.]" and could not access his grandfather's bank records until some unspecified point in time. Pet. at 5-6, 13. Such allegations present no extraordinary circumstances preventing Petitioner's timely pursuit of his claim and do not show the requisite diligence on the part of Petitioner in bringing this habeas action more than 30 years after his conviction. Because the lack of "extraordinary circumstances preventing timeliness and diligent pursuit" of Petitioner's federal claims is clear on the face of the Petition, Petitioner is not entitled to equitable tolling. *See Clark*, 468 F.3d at 714; *Holland*, 560 U.S. at 649; *Marsh*, 223 F.3d at 1220-21. Consequently, Petitioner's ineffective-assistance claim would be subject to dismissal as untimely, and "there is no risk that a meritorious successive claim will be lost" absent a transfer. *In re Cline*, 531 F.3d at 1252. This claim should be dismissed rather than transferred to the Tenth Circuit. *Cf. Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that district court may sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself").

D. *Petitioner's Claim Regarding Guilty Plea and Sentence*

In Petitioner's second claim, he alleges that he was misled as to the amount of time he would be required to serve before becoming eligible for parole because his

paperwork was withheld from him. Pet. at 6-7. The Petition alleges that he previously raised this issue both in his state postconviction proceedings and in Case Number "00-6389." Pet. at 7; *see Slover v. Gibson*, No. 00-6389 (10th Cir.). The indication from Petitioner that he raised this claim in his second federal habeas petition, Case No. CIV-00-1256-R, which was numbered "00-6389" upon transfer to the Tenth Circuit, is consistent with Magistrate Judge Bacharach's delineation of Petitioner's habeas claims in his Report and Recommendation. *See* J. Bacharach R&R at 1-2 (stating that Petitioner asserted claim of "involuntariness or unlawful inducement of the guilty plea"). After this claim was transferred to the Tenth Circuit, that court denied Petitioner authorization to proceed with a second § 2254 petition raising such claim. *See Slover v. Gibson*, No. CIV-00-1256-R (W.D. Okla.) (docket entry of Jan. 19, 2001).

A claim that "was presented in a prior application" under § 2254, and then is "presented in a . . . successive habeas corpus application under" that statute, "shall be dismissed." 28 U.S.C. § 2244(b)(1); *see, e.g.*, *Allen v. Massie*, 236 F.3d 1243, 1244-45 (10th Cir. 2001); *Hall v. Falk*, 535 F. App'x 762, 763 (10th Cir. 2013). Petitioner's claim challenging the voluntariness of his guilty plea should be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) be dismissed in its entirety.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by June 19, 2015, in accordance with 28

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Section 2254 R. 4.

ENTERED this 29th day of May, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE